UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| WILLIAM C. GOLDEN, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | 1:13-cv-00832-SEB-MJD |
| CAROLYN COLVIN Acting Commissioner of Social Security, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER OVERRULING DEFENDANT'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is an action for judicial review of the final decision of Defendant Commissioner of

Social Security ("Commissioner") finding Plaintiff William Golden not entitled to disability

benefits under the Social Security Act. Mr. Golden initially applied for benefits on December 27,

2010, alleging the onset of disability on November 20, 2008 as a result of chronic gout and

obesity. Mr. Golden's application was denied in April 2011 and again upon reconsideration in

May 2011. Mr. Golden requested a hearing, which was held in November 2011 before

Administrative Law Judge, Julia Gibbs ("ALJ"). The ALJ found that Mr. Golden was not

disabled and thus lacked entitlement to Social Security benefits. Mr. Golden now seeks judicial

review of that denial in this suit. This case was referred to Magistrate Judge Mark Dinsmore,

who, on April 23, 2014 issued a report and recommendation that the Commissioner's decision be

reversed and remanded because substantial evidence does not support the ALJ's determination

that Mr. Golden was not disabled. This cause is now before the Court on Defendant's Objections

to the Magistrate Judge's Report and Recommendation.

# I.    Applicable Law and Standard of Review

To be eligible for benefits, a claimant must prove he is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. § 423(d)(1)(A).  To establish disability, the plaintiff is required to present medical evidence of an impairment that results "from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques."  *Id.* § 423(d)(3).  A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by a claimant's statement of symptoms."  20 C.F.R. § 404.1508.

The Social Security Administration has implemented these statutory standards in part by prescribing a "five-step sequential evaluation process" for determining disability.  20 C.F.R. § 404.1520.  If disability status can be determined at any step in the sequence, an application will not be reviewed further.  *Id.*  At the first step, if the claimant is currently engaged in substantial gainful activity, then he is not disabled.  20 C.F.R. § 404.1520(b).  At the second step, if the claimant's impairments are not severe, then he is not disabled.  20 C.F.R. §§ 404.1520(c).  A severe impairment is one that "significantly limits [a claimant's] physical or mental ability to do basic work activities."  *Id*.  Third, if the claimant's impairments, either singly or in combination, meet or equal the criteria of any of the conditions included in the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1, then the claimant is deemed disabled.  The Listing of Impairments are medical conditions defined by criteria that the Administration has pre-determined are disabling.  20 C.F.R. § 404.1525.  If the claimant's impairments do not satisfy a Listing, then his Residual Functional Capacity ("RFC") will be determined for the purposes of

the next two steps. A claimant's RFC is his ability to do work on a regular and continuing basis despite his impairment-related physical and mental limitations. 20 C.F.R. § 404.1545. At the fourth step, if the claimant has the RFC to perform her past relevant work, then he is not disabled. The claimant bears the burden of proof at steps one through four. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 352 (7th Cir. 2005).

At the fifth step, considering the claimant's age, work experience, and education (which are not considered at step four), and his RFC, he will not be determined to be disabled if he can perform any other work in the relevant economy. The burden of proof shifts to the Commissioner at step five to prove that there are jobs that exist in the national economy that the claimant can perform. *Id.* For a claimant with purely exertional limitations, the Commissioner may use the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2 (the "grids") to make a disability determination. The grids correlate the claimant's age, work experience, education, and RFC with a finding of "disabled" or "not-disabled." 20 C.F.R. §§ 404.1569, 404.1569a. Exertional limitations are those which only affect a claimant's ability to meet the strength demands of jobs. 20 C.F.R. § 404.1569a(b). If a claimant has non-exertional limitations or exertional limitations that restrict the full range of employment opportunities at his RFC level, then the grids may not be used at this step. Instead, a vocational expert must testify regarding the number of existing jobs for a person with the claimant's particular medical conditions and vocational characteristics. 20 C.F.R. §§ 404.1569, 404.1569a; *Haynes v. Barnhart*, 416 F.3d 621, 629 (7th Cir. 2005); *Luna v. Shalala*, 22 F.3d 687, 691 (7th Cir. 1994).

We review the Commissioner's denial of benefits to determine whether it was supported by substantial evidence or is the result of an error of law. *Rice v. Barnhart,* 384 F.3d 363, 368–369 (7th Cir. 2004); *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003).

"Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Dixon v. Massanari,* 270 F.3d 1171, 1176 (7th Cir. 2001). In our review of the ALJ's decision, we will not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [our] own judgment for that of the Commissioner." *Lopez,* 336 F.3d at 539. However, the ALJ's decision must be based upon consideration of "all the relevant evidence," without ignoring probative factors. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994). In other words, the ALJ must "build an accurate and logical bridge" from the evidence in the record to his or her final conclusion. *Dixon*, 270 F.3d at 1176. We confine the scope of our review to the rationale offered by the ALJ. *See SEC v. Chenery Corp.*, 318 U.S. 80, 93–95 (1943); *Tumminaro v. Astrue,* 671 F.3d 629, 632 (7th Cir. 2011).

When a party raises specific objections to elements of a magistrate judge's report and recommendation, the district court reviews those elements *de novo,* determining for itself whether the Commissioner's decision as to those issues is supported by substantial evidence or was the result of an error of law. Fed. R. Civ. Pro. 72(b). The district court "makes the ultimate decision to adopt, reject, or modify" the report and recommendation, and it need not accept any portion as binding; the court may, however, defer to those conclusions of the report and recommendation to which timely objections have not been raised by a party. *See Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759–761 (7th Cir. 2009).

## II.     Discussion

In his Report and Recommendation, Magistrate Judge Dinsmore recommends that the ALJ's decision be reversed and remanded because the ALJ erred in failing to explain why she

did not include certain physical limitations supported by the medical evidence in her RFC determination and hypothetical question to the VE. The Commissioner objects to the Report and Recommendation on the grounds that any error in the ALJ's RFC determination and hypothetical question to the VE was harmless error, and thus, does not justify remand.

The ALJ found that Mr. Golden had the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) with the following limitations: no using a ladder, rope, or scaffolding; no climbing or crawling; able to perform unlimited reaching and feeling, but limited in the use of right hand to occasional use for fine manipulation or grasping. In making her RFC determination, the ALJ "relied heavily" on the opinions of the state agency physicians, giving them great weight. However, one of the state agency physicians, Dr. Richard Wenzler, included more limitations in his RFC assessment than those referenced by the ALJ, including: (1) only occasional balancing, stooping, kneeling, or crouching; (2) only frequent, as opposed to constant, handling or fine manipulation in the left hand; and (3) no concentrated exposure to hazards, particularly slippery, uneven surfaces and unprotected heights. R. at 260-67 (assessment affirmed at R. at 268).

As noted by the Magistrate Judge, Dr. Wenzler's RFC assessment was the only medical opinion with regard to Golden's ability to perform work-related functions which included limitations that were not addressed in the ALJ's RFC determination. The Magistrate Judge concluded that because the ALJ failed to explain why she did not include those limitations in her RFC assessment, despite according "great weight" to Dr. Wenzler's opinion, the ALJ's RFC determination does not create an accurate and logical bridge between the medical evidence and her determination of Golden's RFC. Docket No. 29 at 6 (citing Dixon, 270 F.3d at 1176). The Magistrate Judge further found that because the ALJ used the flawed RFC in her hypothetical

question to the VE at step five of the sequential evaluation process, and the VE did not have the opportunity to otherwise learn of such limitations before or during the hearing, the ALJ failed to meet her step five obligation to establish that other jobs existed in significant numbers in the national economy that Golden could perform. *See Young v. Barnhart*, 362 F.3d 995, 1003 (7th Cir. 2004) ("When the hypothetical question is fundamentally flawed because it is limited to the facts presented in the question and does not include all of the limitations supported by medical evidence in the record, the decision of the ALJ that a claimant can adjust to other work in the economy cannot stand.").

The Commissioner admits that the ALJ did not discuss the additional limitations cited by Dr. Wenzler, but contends that the exclusion of such evidence was harmless error that did not and would not materially alter any of the VE's testimony. Further, the Commissioner argues that of the three jobs listed by the VE as being able to be performed by Golden, only one could potentially be precluded by the additional limitations and that the remaining two jobs sufficiently exist in the national economy such that the ALJ's Step Five determination would not be affected. The Report and Recommendation concludes that the ALJ's failure to include the limitations in her RFC and hypothetical question is not harmless error because the ALJ confused her role by attempting to "play the role of the VE. There is a reason why the VE is an expert…Counsel for the Commissioner is not permitted to speculate as to what jobs would remain after factoring in the excluded limitations." Docket No. 29 at 7.

In response to the Magistrate Judge's Report and Recommendation, the Commissioner argues that the testimony of the VE is not required for the ALJ to make an RFC determination and that instead of relying solely on the VE testimony for the Step Five analysis, the ALJ has both the authority and expertise to instead consult job description information contained in the

Dictionary of Occupational Titles (DOT) and its companion publication, the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles (SCO) for information about the requirements of various jobs in the national economy in order to reach a Step Five decision. The Commissioner asserts that, based on the descriptions contained in the DOT and SCO for the three jobs the VE testified that Golden could perform, even with the omitted limitations set forth in Dr. Wenzler's opinion, Golden could still perform at least two of those jobs, and thus, any error by the ALJ in failing to include those limitations in her RFC determination and hypothetical question is harmless. *Id.*

Golden concedes that the ALJ may consult the DOT and SCO at Step Five, but argues that the ALJ's failure here is not harmless error because a VE is still required to be informed of limitations that are not addressed in the relevant job descriptions set forth in those publications. Of the three excluded limitations at issue in this case, a limitation of avoiding slippery or uneven surfaces is not discussed in the descriptions contained in either the DOT or SCO for the jobs that the VE opined Golden could perform. According to Golden, because any information regarding the relevance of a need to avoid slippery or uneven surfaces to the jobs cited by the VE in response to the ALJ's hypothetical question cannot be ascertained by looking solely at the DOT and SCO, the VE was required to provide expert testimony as to whether such a limitation would affect his opinion regarding the jobs in the national economy that Golden could perform.

We find that the Commissioner's objection to the Magistrate Judge's report unpersuasive and thus shall order the ALJ's decision be reversed and remanded. As the Magistrate Judge observed, the ALJ failed to explain why she rejected portions of Dr. Wenzler's medical opinions and relied heavily on others in reaching her RFC determination. Despite the Commissioner's argument that the ALJ is permitted to make a Step Five determination without VE testimony by

referring only to the DOT and SCO, relying solely on those publications is insufficient when the ALJ fails to include in her RFC and hypothetical question certain medical limitations that are not addressed in those texts. The ALJ is required to include all physical limitations supported by the medical evidence in the record when making an RFC determination and must rely on VE testimony when, as is the case here, a particular limitation is not included in the relevant DOT and SCO job descriptions and those publications do not provide a clear indication that such limitation would not materially alter the outcome at Step Five. For the foregoing reasons, we adopt the recommendations set forth in the Magistrate Judge's Report and Recommendation, and order the ALJ's decision to be REVERSED AND REMANDED.

IT IS SO ORDERED.

Date:   06/23/2014

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Joseph R. Wambach
KELLER & KELLER
joew@2keller.com

Timothy E. Burns
KELLER & KELLER
timb@2keller.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov